```
United States District Court
  District of Massachusetts
```

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| v. | ) | |
| | ) | Criminal Action No. |
| **MIGUEL AGUILAR,** | ) | 11-10417-NMG |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

**GORTON, J.**

Defendant Miguel Aguilar ("Aguilar") has been indicted for Conspiracy to Possess with Intent to Distribute and to Distribute Cocaine and Heroin in violation of 21 U.S.C. § 846 (Count 1) and Possession with Intent to Distribute Cocaine and Heroin, in violation of 21 U.S.C. § 841(a)(1) (Count 2). With respect to Count 1, Aguilar allegedly conspired with six other individuals from August, 2010 through December, 2011 to possess and distribute cocaine, a Schedule II controlled substance, and heroin, a Schedule I controlled substance, in Boston, Chelsea and elsewhere in the District of Massachusetts. With respect to Count 2, on or about October 19, 2011, defendant allegedly possessed with intent to distribute at least five kilograms of a substance containing cocaine and at least one kilogram of a substance containing heroin.

Aguilar filed a pro se motion to suppress evidence in September, 2014. The Court held a status conference later that month, during which Attorney Amabile indicated that he neither drafted nor was consulted about the motion before his client filed it with the Court. He agreed to re-file the motion on Aguilar's behalf. Pending before the Court are: 1) the motion filed directly by the defendant, which will be denied as moot and 2) the supplemental motion to suppress as to defendant Aguilar filed by his counsel.

I. **Supplemental motion to suppress as to defendant Aguilar**

In October, 2014, Aguilar's attorney re-filed his client's original motion as a supplemental motion to suppress physical evidence. The defendant moves for the Court to order the suppression of any and all evidence seized from him and his tractor trailer on October 19, 2011 on the grounds that the stop and search were unlawful because the police did not have probable cause or consent. Defendant also requests an evidentiary hearing on the matter.

    A. **Background**

The searches to which the defendant objects were conducted as part of a wiretap investigation initiated in August, 2011 by governmental agents ("agents") as part of an investigation of a Mexican drug trafficking organization and its Massachusetts-based counterparts. The defendant allegedly operated a tractor

trailer that was used to transport drugs and drug proceeds as part of the conspiracy.

On October 19, 2011, agents learned through wiretap that members of defendant's conspiracy were preparing to make another exchange of drugs and drug proceeds that day. The agents deduced from the calls that $570,000 in drug proceeds would be delivered. Later that evening, investigators watched co-defendant Audel "Jose" Hernandez park a rented Chevrolet Suburban ("the Suburban") next to the cab of Aguilar's tractor trailer. Hernandez approached the tractor trailer with what appeared to be a heavy black bag and got into the cab with the defendant. Investigators then saw Hernandez get out of the cab of the tractor trailer carrying a red and black duffel bag, which also appeared to be heavy and which he put into the Suburban.

Shortly thereafter, the agents observed the Suburban leaving the area with a Lexus sedan operated by one of the other co-defendants close behind. Investigators followed both cars. A short time later, the Suburban was pulled over by a Massachusetts State Trooper ("the Trooper") who was involved in the investigation and aware of the circumstances. The Trooper determined that the Suburban was overdue to be returned to the rental agency so he had the car towed. Upon an inventory

search, investigators found the duffel bag containing 30 bricks of white powder in the car.[1]

After the Suburban was stopped, law enforcement officials approached Aguilar's tractor trailer. The Government alleges that an Officer informed the defendant that he had reason to believe that the tractor trailer contained a large amount of drug money. He then issued a <u>Miranda</u> warning. When the Officer asked Aguilar for permission to search the truck, the defendant allegedly answered "Yes. Si." and attempted to hand over his keys. The Officer instead asked the defendant to open the driver's door of the trailer and the defendant did so.

The initial inspection of the cab of the tractor trailer yielded a cell phone. Further inspection of the truck led to the discovery of 18 bricks of drugs and 57 bundles of cash hidden behind the paneling on the inside of the cab. The bundles of cash appeared to contain $10,000 each, for a total of $570,000. Following discovery of that contraband, the defendant was arrested. Two additional cell phones were found in his possession at the time of the arrest. The investigators later obtained search warrants which allowed them to search the three cell phones seized from the tractor trailer and the defendant.

---

[1] Field tests revealed that the white powder inside some of the bricks was heroin. The Trooper suspected that the white powder inside other bricks was cocaine.

**B. Legal standard**

The Fourth Amendment of the United States Constitution protects against unreasonable searches and seizures. There is an "automobile exception" to the warrant requirement of the Fourth Amendment which allows police officers to seize and search a vehicle prior to obtaining a warrant if they have probable cause to believe that the automobile contains contraband. Florida v. White, 526 U.S. 559, 563-64 (1999) ("[W]hen federal officers have probable cause to believe that an automobile contains contraband, the Fourth Amendment does not require them to obtain a warrant prior to searching the car for and seizing the contraband.") (citing Carroll v. United States, 267 U.S. 132, 150-51 (1925)). Probable cause exists when

> the facts and circumstances as to which police have reasonably trustworthy information are sufficient to warrant a person of reasonable caution in the belief that evidence of a crime will be found.

Robinson v. Cook, 706 F.3d 25, 32 (1st Cir. 2013).

**C. Application**

Aguilar contends that the evidence seized from him and his tractor trailer should be suppressed because the investigators detained him without probable cause and searched his vehicle illegally without consent or a search warrant.

The Government responds that Aguilar's motion should be denied without a hearing because the searches at issue were

lawful pursuant the "automobile exception" to the warrant requirement of the Fourth Amendment. It contends that the investigators had "a surfeit of probable cause" to believe that Aguilar's vehicle contained contraband. Not only did federal agents intercept calls in which co-defendants discussed a drug exchange that was to take place later that day, agents were also able to corroborate those calls by physical surveillance. They observed Hernandez carry a large duffel bag into the defendant's tractor trailer, remain inside with the defendant for a while and then emerge with a different duffel bag, which was later discovered to contain narcotics.

As to the seizure of Aguilar's cell phones, the Government contends that it was lawful because the items were seized incident to a lawful arrest and subsequently searched only after valid search warrants were obtained on October 21, 2011.

In light of the substantial amount of evidence in support of probable cause, the Court concludes that the search and seizure of Aguilar's tractor trailer and cell phones were lawfully conducted.

**D. Evidentiary hearing**

An evidentiary hearing is required only if the moving party

> makes a sufficient threshold showing that material facts are in doubt or dispute, and that such facts cannot reliably be resolved on a paper record.

United States v. Jimenez, 419 F.3d 34, 42 (1st Cir. 2005). Criminal defendants are not granted evidentiary hearings as a matter of course. See United States v. Panitz, 907 F.2d 1267, 1273 (1st Cir. 1990) ("a criminal defendant has no absolute or presumptive right to insist that the district court take testimony on every motion").

The government acknowledges that there is a dispute as to whether Aguilar consented to a search of the tractor trailer. The Court has already concluded, however, that the agents had sufficient evidence to establish probable cause to believe that there was contraband within the defendant's tractor trailer, which justified their warrantless search under the "automobile exception." Whether or not the defendant consented to the searches in question is therefore immaterial. The defendant has not made the threshold showing necessary for an evidentiary hearing on his motion.

Accordingly, Aguilar's motion to suppress evidence will be denied without such a hearing.

## ORDER

For the foregoing reasons,

1) defendant Aguilar's motion to suppress (Docket No. 298) is **DENIED AS MOOT**; and

2) the supplemental motion to suppress as to defendant Aguilar (Docket No. 303) is **DENIED**.

**So ordered.**

                                            /s/ Nathaniel M. Gorton
                                            Nathaniel M. Gorton
                                            United States District Judge

Dated November 20, 2014